# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3556 | DATE | 5/11/2004 |
| CASE TITLE | Stanley Taylor vs. Jo Anne B. Barnhart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant plaintiff Stanley Taylor's petition for an award of fees and costs pursuant to the Equal Access to Justice Act [24-1,2]. We find that plaintiff is entitled to a fee award in the amount of $7,222.92.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 14 2004 | |
| | Notified counsel by telephone. | | date docketed | 28 |
| ✓ | Docketing to mail notices. | | JXM | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | 2004 MAY 14 AM 9:12 U.S. DISTRICT COURT CLERK | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STANLEY TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 00 C 3556 |
| | ) |
| JO ANNE B. BARNHART, | ) Wayne R. Andersen |
| Commissioner of Social Security, | ) District Judge |
| | ) |
| Defendant. | ) |
| | ) |

DOCKETED
MAY 1 4 2004

## MEMORANDUM, OPINION AND ORDER

This matter is before the Court on Plaintiff Stanley Taylor's Petition for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, we grant his petition and award fees in the amount of $7,222.92.

## BACKGROUND

Plaintiff Stanley Taylor applied for Supplemental Security Income (SSI) in February, 1988, alleging disability since August 1984. His application was granted, and he was found to be disabled since February 1, 1988. However, in 1996, Congress enacted Public Law 104-121 which precluded an award of SSI benefits if "alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual was disabled." Pub.L. 104-121 § 105. Pursuant to Public Law 104-121, Plaintiff's claim was re-adjudicated and Plaintiff was informed that his benefits would cease on January 1, 1997. Plaintiff's request for reconsideration was denied. Plaintiff was granted an administrative hearing. In January 1998, the ALJ issued his decision finding that Plaintiff was not disabled and thus not entitled to SSI benefits.

Upon review, this Court found that the ALJ did not obtain a valid waiver of counsel from Plaintiff and that the ALJ failed to fully and fairly develop the record. Moreover, we found that the ALJ did not make an express finding concerning Plaintiff's literacy, despite the fact that this issue was critical to determining whether or not Plaintiff was disabled. We, therefore, remanded the matter to the ALJ for further proceedings. Plaintiff has now filed an EAJA petition for attorney's fees incurred in connection with filing his appeal and with preparing the present motion.

## ANALYSIS

The Equal Access to Justice Act ("EAJA") provides that a party who prevails against the United States may receive attorney's fees and costs if certain conditions are met. 28 U.S.C. § 2412. A party seeking such fees and expenses must demonstrate that: 1) he filed a request for fees within thirty days of final judgment in the action; 2) that he was a "prevailing party"; and 3) that the United States was not "substantially justified" in the earlier action. 28 U.S.C. § 2412(d)(1)(B).

In this case, Plaintiff has met all three requirements. First, he made a timely request for fees. Second, a person is considered a prevailing party if, as here, the action is remanded to the agency for further consideration. *Schutt v. Massanari*, 2001 WL 1155253, *2 (N.D.Ill. Sep.28, 2001). Third, the government bears the burden of proving that the position of the United States in the earlier action was substantially justified. *See Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir.1996). The Commissioner's sole argument in opposition to the petition for attorney's fees in this case is that the government's position was substantially justified and, therefore, Plaintiff should not be awarded attorney's fees.

The Commissioner's position is substantially justified if her conduct has "a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). The Seventh Circuit has described the substantial justification standard as requiring that the government show that its position was grounded in: 1) a reasonable basis in truth for the facts alleged; 2) a reasonable basis in law for the theory propounded; and 3) a reasonable connection between the facts alleged and the legal theory propounded. *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). The Commissioner bears the ultimate burden of proving that her position was substantially justified. *Marcus*, 17 F.3d at 1036.

In making a substantial justification determination, a district court should consider both the government's pre-litigation conduct (the actions or inactions giving rise to the instant litigation), as well as the government's conduct relative to the instant litigation. *Id.* "EAJA fees may be awarded if either the government's pre-litigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." *Id.*

We remanded this case back to the ALJ for further proceedings because the ALJ failed to obtain a valid waiver of Plaintiff's right to counsel and because the ALJ failed to meet his burden of showing that the record was fully and fairly developed in the absence of counsel. We found that the ALJ did not comply with the factors enunciated by the Seventh Circuit in *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1991), which are necessary to secure a valid waiver of counsel. The ALJ did not advise Plaintiff as to the manner in which an attorney could aid in the proceedings or that there is a limitation on attorneys fees to 25

3

percent of the past due benefits. Moreover, the ALJ failed to inform Plaintiff that the Court is required to approve the fees. We also remanded the case because the ALJ failed to fully develop the record with regard to the issue of literacy because he made no express finding as to Plaintiff's literacy, despite the fact that this issue was critical to determining whether or not Plaintiff was disabled.

We find that the ALJ's decision and, hence, the Commissioner's pre-litigation position, was not reasonable based on the law or facts. The ALJ did not meet his burden to develop sufficient facts to determine whether or not Plaintiff was literate. The ALJ proceeded with the hearing despite failing to provide Plaintiff with the required admonitions set forth by the Seventh Circuit in *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) necessary to ensure valid waiver of counsel.

Moreover, we find that the Commissioner's litigation position also was not substantially justified. In this Court, the Commissioner argued that since the ALJ impressed upon Plaintiff the importance of having representation, arguably the requirements for valid waiver of counsel have essentially been met. However, the Commissioner's argument is contrary to the mandate of the Seventh Circuit which requires that the ALJ explain to the pro se litigant three things–the manner in which an attorney can aid the litigant, the possibility of free counsel or a contingency arrangement, and the limitation of attorneys fees to 25 percent and required court approval of the fees. *See Binion*, 13 F.3d at 245. Thus, because the ALJ did not fully explain these factors to Plaintiff, the Commissioner did not have a reasonable basis in law for the theory propounded in this Court-- that the attorney waiver was

nonetheless valid. Therefore, the Commissioner's litigation position was not substantially justified.

For these reasons, we find that the pre-litigation and litigation positions of the Commissioner were not substantially justified, and Plaintiff is entitled to an award of EAJA fees. Since the Commissioner does not object to the amount of the fees requested by Plaintiff and because we find them to be reasonable, we hereby grant Plaintiff's request in the amount of $ 7,222.92.

## CONCLUSION

For the foregoing reasons, we grant Plaintiff Stanley Taylor's petition for an award of fees and costs pursuant to the Equal Access to Justice Act.(## 24-1, 24-2). We find that Plaintiff is entitled to a fee award in the amount of $7,222.92. Specifically, we award 1) $ 6,690.72 for attorney's fees incurred during 2000 (47.9 hours times an hourly rate of $139.68); 2) $ 457.25 for attorney's fees incurred during 2003 (3.1 hours times an hourly rate of $147.50); and 3) $ 75 for paralegal fees (1 hour times $75 per hour).

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: May 11, 2004